**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                      :
KAREEM ABDUL BLOCKER,                 :
                                      : Civil Action No. 10-2153 (KSH)
            Plaintiff,                :
                                      :
      v.                              :       **O P I N I O N**
                                      :
NORTHERN STATE PRISON, et al.,        :
                                      :
            Defendants.               :
_____:

**APPEARANCES**:

Kareem Abdul Blocker, Pro Se
618476/162061C
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**HAYDEN**, **District Judge**

Plaintiff, Kareem Abdul Blocker, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, plaintiff's claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff names the Northern State Prison, Administrator Glover, Administrator Stokes, and Associate Administrator Sapp as defendants in this case.  He alleges that the conditions of confinement at Northern State Prison violate his constitutional rights because, "no human being is [] supposed to be punish[ed] with cold shower and also house[d] in cold cells without heat." (Complt., ¶ 6).  Complaints to the defendants have gone unanswered.

For relief, plaintiff asks for "punishment" for his "pain and suffering" and for defendants to be "released from their duties."  (Complt, ¶ 7).

## DISCUSSION

### A. STANDARDS FOR A SUA SPONTE DISMISSAL

A district court is required to review a complaint in a civil action where the litigant is proceeding in forma pauperis. Specifically, the court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief,

2

pursuant to 28 U.S.C. § 1915(e)(2)(B).  Accordingly, because plaintiff is proceeding in forma pauperis in this matter, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

The Supreme Court clarified the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  See id.  The Court examined Rule 8(a)(2)

3

of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are

>well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] that applied to federal complaints before Twombly. See Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

---

[1] In Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

5

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   SECTION 1983 ACTIONS**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

6

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    PLAINTIFF'S CLAIM**

Plaintiff asserts that there is no heat or hot showers at Northern State Prison.

The Eighth Amendment proscription against cruel and unusual punishment protects prisoners from inadequate conditions of confinement.  To state a conditions claim under the Eighth Amendment, an inmate must also allege both an objective and a subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as

7

adequate food, clothing, shelter, sanitation, medical care, and personal safety.  See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994)

In this case, plaintiff has not alleged sufficient facts to show that his conditions of confinement were unconstitutional under Iqbal to proceed past sua sponte screening.  Plaintiff does not allege the time frame in which he had to endure cold showers and/or no heat: whether it was a temporary problem or whether it appears to be permanent.  Nor does plaintiff assert deliberate indifference on the part of defendants, in that they recklessly disregarded potential risks associated with cold showers or lack of heat.  Finally, plaintiff does not assert that the alleged deprivations have caused him injury in order to warrant his claim for relief.

Therefore, with respect to his conditions claims as alleged, this Court finds that plaintiff has failed to state a cognizable

8

claim in this regard at this time, and the alleged conditions of confinement claims will be dismissed without prejudice.

To the extent that plaintiff can allege additional facts to show that unconstitutional conditions of confinement exist, he may seek leave to reopen this case and file an amended pleading. Should plaintiff so choose to amend his complaint to cure the deficiencies noted herein, pursuant to Federal Rule of Civil Procedure 15, he should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. See id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. See id.

## CONCLUSION

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. Plaintiff may file a motion to reopen the case in order to address the deficiencies of his

claims, as outlined in this opinion.  In particular, plaintiff must adhere to the guidance by the Court of Appeals for the Third Circuit, which has explained, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted).

   An appropriate order accompanies this opinion.


                                    /s/ Katharine S. Hayden
                                    KATHARINE S. HAYDEN
                                    United States District Judge

Dated: 2/22/11